IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TONYA STANLEY,
 an individual,

      Plaintiff,

v.

DISCRETE WIRELESS, INC., and
FLEETCOR TECHNOLOGIES, INC.,
d/b/a NEXTRAQ,

      Defendants.
_____/

CASE NUMBER:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TONYA STANLEY ("Plaintiff"), sues Defendants, DISCRETE WIRELESS, INC., and FLEETCOR TECHNOLOGIES, INC., d/b/a NEXTRAQ (hereinafter collectively referred to as "Defendants"), for violation of the anti-retaliation provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and states as follows:

## NATURE OF THE ACTION

1.    This action arises under the FLSA, 29 U.S.C. § 215(a)(3). The anti-retaliation provision of the FLSA states that it is a violation for any person to "discharge or in any manner discriminate against any employee because such

The Feldman Law Group, PA | 1715 North Westshore Boulevard ~ Suite 400 | Tampa | Florida | 33607 | PH (813) 639-9366

employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Tonya Stanley, is an adult resident of Cobb County, Georgia and, at all times material hereto, was and is an employee of Defendants within the meaning of the FLSA.

3. Defendant, Discrete Wireless, Inc. ("Discrete Wireless"), is a Foreign for Profit Corporation and a wholly owned subsidiary of Defendant, Fleetcor Technologies, Inc., with its principal place of business in Atlanta, Georgia and at all times material hereto, operating under the name and conducting business in the State of Georgia under the name NEXTRAQ®.  At all times material hereto, Defendants operated and maintained an office in Atlanta, Georgia.

4. NexTraq provides fleet operators with an internet based system that enhances workforce productivity through real time vehicle tracking, route optimization, job dispatch, and fuel usage monitoring.

5. Defendant, Fleetcor Technologies, Inc., is a publicly traded, Delaware Corporation (symbol: FLT), and parent corporation of Discrete Wireless, Inc. ("Fleetcor") with the two entities operating as a single Business Enterprise with primary or principal corporate office at 5445 Triangle Parkway, Norcross, Ga.

Defendants do business and operate as NEXTRAQ.

6. The FLSA defines "employer" as any "person" acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d). *See also Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. Nev. 2009) (the definition of "employer" under the [FLSA] is not limited by the common law concept of "employer," but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes). Defendants are Plaintiff's employers under the FLSA, at all times relevant to this action.

7. This Court has subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C. § 215.

8. Venue is appropriate in this Court and in this District pursuant to 28 U.S.C. §1391 (b) because the Defendants are located within the District.

9. Furthermore, the acts complained of occurred within the District of this Court, as they took place where Plaintiff is employed and from where her work was and is directed.

10. Plaintiff has performed all conditions precedent necessary to the maintenance of this action.

The Feldman Law Group, PA | 1715 North Westshore Boulevard ~ Suite 400 | Tampa | Florida | 33607 | PH (813) 639-9366

11. Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint.  Said differently, Defendants are subject to the FLSA.

12. During the times relevant to this Complaint, Defendants employed more than two employees and have generated more than $500,000.00 in revenues in each of the three years preceding the filing of this action.

13. At all times relevant to this Complaint, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

## **GENERAL ALLEGATIONS**

14. Plaintiff has been employed with Defendants as an Accounts Manager since approximately February of 2013.

15. Plaintiff has been repeatedly identified as one of Defendant's highest achieving employees.

16. On or about October 8, 2014, Plaintiff joined or opted into a collective class action suit that had been filed against Defendants alleging that they had violated the overtime provisions of the FLSA

17. Upon information and belief, shortly thereafter, Defendants became aware of Plaintiff's participation in the claims against them for violations of the FLSA.

18. Following her joining the collective class action suit, Defendant began to target Plaintiff and treat her in a disparate manner when compared to her co-workers.

19. By way of example, Plaintiff received a number of unwarranted written warnings for a variety of actions that had been known and acceptable to Defendants as common practice prior to Plaintiff joining the collective action FLSA suit.  Where Plaintiff was now unfairly disciplined for certain conduct, numerous co-workers were permitted to engage in the same conduct, but without consequence.

20. On other occasions, Plaintiff was sexually harassed and assaulted by a co-worker resulting in severe mental and emotional trauma.  Defendants were aware of such sexually harassing conduct based upon Plaintiff's complaints to Defendants' human resources department, as well as the harassing co-worker's subsequent admission to that department and the local police department that he had harassed and assaulted Plaintiff in a sexual manner.  Likewise, this co-worker was subsequently arrested by the police department.

21. Plaintiff made multiple requests to Defendant to rectify the situation and remove the co-worker.

22. Upon information and belief, Defendant intentionally failed to take any action that would improve Plaintiff's work environment in an attempt to force

The Feldman Law Group, PA | 1715 North Westshore Boulevard ~ Suite 400 | Tampa | Florida | 33607 | PH (813) 639-9366

her resignation. Defendant lied to Plaintiff after the harassing co-worker's arrest by telling her that he was no longer employed by Defendants when in fact Defendants had merely transferred him to another department.

23. In or about February of 2015, Plaintiff was obligated to take a federally protected medical leave pursuant to the Family and Medical Leave Act ("FMLA") in order to have necessary surgery.

24. Upon return from FMLA leave, on or about March 16, 2015, Plaintiff was, again, retaliated against by Defendants' managers who transferred her pre-ordered accounts to another account manager, thus depriving her of earned commissions.

25. Around this same time, Plaintiff learned that the co-worker responsible for the sexual assault was still employed by the company, contrary to Defendants' assurances to Plaintiff; a fact that caused Plaintiff to suffer a severe emotional trauma requiring ongoing medical attention.

26. Defendant's lack of any action to improve Plaintiff's work environment has forced Plaintiff to remain at home. As a result, Plaintiff has suffered a severe financial loss without the opportunity to earn commissions.

27. Upon information and belief, Defendants have re-distributed most, if not all of Plaintiff's customer accounts thereby prohibiting her from receiving any commission from sales to such accounts.

28. Defendants have made several attempts to obtain Plaintiff's resignation and have gone so far as to take steps constituting constructive dismissal.

29. Defendants have retaliated against Plaintiff for her participation in the collective class action lawsuit against Defendants.

30. Plaintiff has been damaged as a direct and proximate result of Defendants' illegal conduct.

31. As a result of the foregoing, Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel's reasonable attorney's fees.

## COUNT I
## Violation of Anti-Retaliation Provision of 29 U.S.C. § 215(a)(3)

32. Plaintiff repeats each and every allegation of paragraphs one (1) through thirty-one (31) as fully set forth herein at length.

33. Pursuant to the FLSA, Section 215(a)(3) states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

The Feldman Law Group, PA | 1715 North Westshore Boulevard ~ Suite 400 | Tampa | Florida | 33607 | PH (813) 639-9366

34. The penalties for an FLSA retaliation action, unlike most other FLSA claims, can include compensatory and punitive damages. As the Seventh Circuit said in *Travis v. Gary Community Mental Health Ctr., Inc.*: "any employer who violates the provisions of §215(a)(3) of the Fair Labor Standards Act, 29 U.S.C.S. § 215(a)(3), shall be liable for such legal and equitable relief as may be appropriate to effectuate the purposes of §215(a)(3), including without limitation employment, reinstatement, or promotion and the payments of wages lost and an additional equal amount as liquidated damages. Pub. L. 95-151, 91 Stat. 1252 (1977). This amendment authorizes "legal" relief, a term commonly understood to include compensatory and punitive damages." 921 F.2d 108, 111 (7th Cir. Ind. 1990).

35. As a direct result of Plaintiff exercising her right to participate in the collective class action suit about Defendants' violations of the FLSA, Plaintiff was subjected to retaliation in the form of being targeted for frivolous warnings, the inappropriate displacement of her accounts, and allowing the continued mental and emotional trauma from the sexual assault.

36. The unlawful employment practices complained of herein and the actions of the Defendants were wanton, willful, intentional, and malicious or with reckless indifference to Plaintiff's rights and/or well-being.

37. As a direct, proximate, and foreseeable result of Defendants' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering,

inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, loss of employment and other non-pecuniary losses and intangible injuries.

**WHEREFORE**, Plaintiff requests this Honorable Court to:

A. Award Plaintiff for back pay and front pay;

B. Award Plaintiff compensatory damages for humiliation, pain and suffering, mental anguish;

C. Award Plaintiff punitive damages;

D. Award Plaintiff prejudgment interest;

E. Award Plaintiff liquidated damages; and

F. Award Plaintiff his reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this 6th day of May, 2015.

                Respectfully submitted by,

                */S/ Mitchell L. Feldman*
                MITCHELL L. FELDMAN, ESQUIRE
                Georgia Bar No. 257791
                FELDMAN LAW GROUP, P.A.
                1201 Peachtree Street, Ste. 200
                Atlanta, Georgia 30361
                Phone: (813) 639-9366 Fax: (813) 639-9376
                E-mail: MFeldman@ffmlawgroup.com
                *Attorneys for Plaintiff*